Desmond, J.
(dissenting). I dissent and vote to affirm. There was, it is conceded, no compliance whatever here with the mandatory provisions of section 335-a of the Code of Criminal Procedure:
“ § 335-a. Provisions applicable to arraignments for traffic violations.
“ The magistrate, upon the arraignment in this state of a resident of this state charged with a violation of the vehicle and traffic law, or other law or ordinance relating to the operation of motor vehicles or motor cycles, and before accepting *136 a plea, must inform the defendant at the time of his arraignment, in substance as follows:
‘1 A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law.
“ The giving of the foregoing instructions by means of a statement printed in bold red type in a size equal to at least twelve point type, upon a summons or ticket issued to a person charged with any such violation shall constitute compliance with the reqairements.of this section.
“ The foregoing provisions of this section may be waived as provided in section three hundred thirty-five of this chapter.”
The trial court’s omission of the essential procedure was on the mistaken ground that compliance was unnecessary because defendant was represented by counsel. That was the only ground urged in the Appellate Division by the People to justify the omission. Now this court is holding that the omission was excused by the circumstance, casually noted in the record, that defendant actually had no operator’s license at the time of his arraignment. We are thus reading into this carefully drawn statute an exception not expressed therein and which the Legislature could hardly have intended. The statute is an all-inclusive one applicable to “ the arraignment in this state of a resident of this state charged with a violation of the vehicle and traffic law, or other law or ordinance relating to the operation of motor vehicles or motor cycles ”. It makes completely unlawful the acceptance of a guilty plea in any such prosecution unless the warning has first been given. To say that the statute applies only when defendant presently has a driving license is to require a new procedure whereby the magistrate would always have to conduct an initial investigation as to whether defendant ever had such a license and, if so, whether it has been revoked or suspended and, if so, whether the revocation or suspension has been annulled or terminated. Since, by official Motor Vehicle Bureau figures, there were in 1955 some 154,000 suspensions and 14,000 revocations, investigations by every traffic court in every case of the existence and currency of a license wonld throw the prosecution of such cases into confusion.
*137 The 1954 amendment (L. 1954, ch. 664) permitting the giving of the warning by the alternative method (see third sentence of statute, supra) of a printed statement on the summons or ticket is additional proof of the legislative intent that before any guilty plea be taken on such a charge there must always be warning of possible consequences as to the license.
Conway, Ch. J., Dye and Fuld, JJ., concur with Burke, J.; Desmond, J., dissents in an opinion in which Van Voorhis, J., concurs; Froessel, J., taking no part.
Order reversed, etc.